IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES K. EDMUNDS, JR., <br><br> Plaintiff, <br><br> vs. <br> KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, <br><br> Defendant. | CV 22-108-BLG-TJC <br><br> **ORDER** |

On March 28, 2023, the Court remanded this case to the Commissioner for further administrative proceedings and a new decision, upon the parties' joint stipulation. (Doc. 13.) The Court also ordered that Plaintiff would be entitled to reasonable attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), upon proper request. (*Id.*)

Plaintiff has now filed an application for an award of attorney's fees and costs under the EAJA. (Doc. 15.) Plaintiff requests an award of $9,679.94 in attorney's fees and $402.00 in costs. Defendant opposes the motion, arguing the requested fees should be reduced by 20 percent.

I.     **LEGAL STANDARDS**

Under the EAJA, a prevailing party is entitled to attorney's fees unless the government was "substantially justified" in its position. 28 U.S.C. § 2412(d)(1)(A).

The EAJA provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  In the Ninth Circuit, courts apply the principles set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) to determine what constitutes a reasonable fee award under the EAJA.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).  The prevailing party bears the burden to prove the fee amount requested is reasonable, and must submit documentation in support of the fee request.  *Hensley*, 461 U.S. at 437; 28 U.S.C. § 2412(d)(1)(B).

Courts generally determine the amount of a reasonable fee by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  The Court may reduce a fee award if the applicant has provided inadequate documentation of the fees requested, or claims hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.  The Court may also consider other factors to adjust the fee upwards or downwards, "including the important factor of the results obtained.'" *Id.*

## II.   DISCUSSION

Defendant does not dispute that Plaintiff is the prevailing party or argue that the Commissioner's position was substantially justified.  Rather, Defendant's only objection is that the amount of fees Plaintiff requested is excessive "in light of the recycled briefing and the routine issue presented."  (Doc. 18 at 2.)  Plaintiff seeks an

award in a total amount of $9,679.94, based on 41.20 hours worked at the rate of $234.95 per hour, plus filing costs of $402.00.

First, the Court does not find Plaintiff's "recycled briefing" warrants a fee reduction in this case.  The Court has compared Plaintiff's opening brief in this action to Plaintiff's opening brief in *Edmunds v. Saul*, CV-20-17-BLG-TJC.  The Court notes that although there are sections of the briefs that are duplicative, the brief in this case also contained relevant new information.  Specifically, Plaintiff's counsel set forth a fairly detailed summary and argument concerning the ALJ's failure to follow the Court's previous remand order in *Edmunds v. Saul*, CV-20-17-BLG-TJC.  The fact that certain sections of the briefs are substantially similar, such as the medical summary and some of the legal argument, is not surprising given the ALJ's apparent wholesale disregard of the prior remand order.

Further, the Ninth Circuit has cautioned that "[f]indings of duplicative work should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much." *Costa*, 690 F.3d at 1136.  Rather, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.*  Here, the Court finds it was professionally reasonable for Plaintiff's counsel to re-review the medical record and confirm that his brief highlighted evidence relevant to Plaintiff's claims.  The

Court has reviewed counsel's billing records and does not find the portions of his time that are likely attributable to duplicative briefing to be excessive.

Second, the Court does not find the "routine" nature of the issues in this case warrants a fee reduction. "Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Patterson v. Apfel,* 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000.) Here, the Administrative Record was in excess of 2,400 pages and Plaintiff filed a 35-page brief, which included several pages of new facts and argument. Although the issues raised are common legal issues in social security cases, the analysis of Plaintiff's claims were fact intensive.

Finally, Plaintiff's opening brief was successful, as it convinced the Commissioner to stipulate to reverse the ALJ's decision and remand the case to a new ALJ. (Doc. 12.) Moreover, after the remand, Plaintiff received a fully favorable decision, and was awarded social security disability benefits backdated to his date of onset. (Doc. 20.)

Accordingly, the Court concludes that Plaintiff's fee request is reasonable.

## III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's application for EAJA fees (Doc. 15) is **GRANTED**.

2.      Plaintiff is awarded attorney fees in the amount of $9,679.94 in attorney's fees and $402.00 in costs.

3.      This award is subject to offset to satisfy any preexisting debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010) and the Treasury Offset Program, 31 U.S.C. § 3716.  If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney.  However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

DATED this 30th day of August, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge